UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RICHARD H. LIVINGSTON,

                               Plaintiff,

v.                                                              7:15-cv-631
                                                                      (TWD)

SCOTT HENDERSON, et al.,

                                 Defendants.
_____

APPEARANCES:
Richard Livingston, Plaintiff *pro se*
Khalid Bashjawish, Esq., Office of the Corporation Counsel, for Defendants

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

**DECISION & ORDER**

      Plaintiff moves to consolidate this case with *Livingston v. Miller*, 9:18-cv-803 ("*Miller*"). (Dkt. No. 126, *Livingston v. Henderson, et al.*, 7:15-cv-631("*Henderson*"); *Miller*, Dkt. No. 9.) *Henderson* was commenced by Plaintiff in May of 2015 against individual police officers and the City of Syracuse alleging multiple federal claims for civil rights violations which arose out of Plaintiff's arrest on October 22, 2014. (*Henderson*, Dkt. Nos. 1, 67.) In August of 2018, Plaintiff filed a Petition for a Writ of Habeas Corpus in *Miller*, wherein some of the grounds for the Petition are quasi-related to Plaintiff's arrest on October 22, 2018. (*Miller*, Dkt. No. 1.) The Defendants in *Henderson* filed a letter in opposition to Plaintiff's motion to consolidate. (*Henderson*, Dkt. No. 127.)

      Federal Rule of Civil Procedure Rule 42(a) empowers a federal court, in the interest of judicial economy, to consolidate actions involving a common question of law or fact. Fed. R. Civ. P. 42(a)(2). In general, courts have "broad discretion to determine whether consolidation is

appropriate" and "[i]n the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990). The chief advantage of consolidation is that it avoids the waste associated with duplicative discovery and multiple trials, *see Feldman v. Hanley*, 49 F.R.D. 48, 50 (S.D.N.Y. 1969), and the danger of inconsistent verdicts. *See Bank of Montreal v. Eagle Associates*, 117 F.R.D. 530, 533 (S.D.N.Y. 1987).

In deciding whether consolidation is proper, "the court must balance the interest of judicial convenience against any delay, confusion, or prejudice that might result from such consolidation." *Sheet Metal Contractors Ass'n of Northern New Jersey v. Sheet Metal Workers' Int'l*, 978 F. Supp. 529, 531 (S.D.N.Y. 1997). The burden always remains with the moving party to convince the court that consolidation is appropriate. *Transeastern Shipping Corp. v. India Supply Mission*, 53 F.R.D. 204, 206 (S.D.N.Y. 1971).

These actions do not share common questions of law and fact sufficient to warrant consolidation. The legal claims and proofs in these actions are completely different. Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court may not grant habeas relief to a state prisoner on a claim that was adjudicated on the merits in state court proceedings unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1) (2006); *Carey v. Musladin*, 549 U.S. 70, 74 (2006). Thus, a habeas action such as *Miller* specifically examines the proceedings in state court and what occurred at those proceedings.

In the present case, Plaintiff brought his lawsuit alleging numerous violations of his federal civil rights. (*Henderson*, Dkt. No. 67.) The primary federal law that provides a remedy

for individuals who have been deprived of their civil rights is Section 1983 of Title 42 of the United States Code, which states in part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. The specific claims alleged in *Henderson* include racial profiling, false arrest and malicious prosecution, denial of due process, fabrication of evidence, intentional and negligent infliction of emotional distress, assault and battery, and excessive force. (*Henderson*, Dkt. No. 67.) These claims are not related to Plaintiff's habeas Petition.

Further, the actions Plaintiff seeks to consolidate do not involve the same parties, nor do they involve the same documents or proof. Additionally, there is great risk that consolidation will result in confusion of the issues, and significantly delay this *Henderson* action where discovery is complete and a pending Motion for Summary Judgment is fully briefed. (*Henderson*, Dkt. Nos. 115, 125.) Any such delay would, in turn, prejudice Defendants. Finally, Plaintiff has failed to sufficiently demonstrate how the two cases are related. Therefore, in the exercise of discretion, the Court declines to consolidate these actions.

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's Motion to Consolidate (Dkt. No. 126) is, in all respects, **DENIED.**

Dated: October 31, 2018
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge